FRANK C. EVANS AND EMMA B. EVANS, RESPONDENTS, v. THE LONDON ASSURANCE CORPORATION, APPEL-LANT.

Submitted February 14, 1930—Decided October 20, 1930.

This was an action in the Supreme Court which was referred to the Circuit Court judge for trial, wherein the following opinion was delivered:

JESS, J. "This is a suit upon a fire insurance policy, issued to the plaintiffs by the defendant. The policy was dated August 20th, 1923, was for $3,000 and was to run for five years from August 18th, 1923. The property covered by the insurance was a frame dwelling house, situate at No. 350 Hillside avenue, in the city of Camden, and owned by the plaintiffs as tenants by the entirety. The house was destroyed by fire on September 15th, 1927. The defendant admits that if the plaintiffs are entitled to recover, the amount of the recovery should be $3,000, with interest from December 27th, 1927.

"The defenses, as pleaded, were that at the time of the fire the policy was void because of the violation of the condition against a change in the interest, title or possession of the subject of insurance, and that, prior to the fire, one Eugene D. Black became the equitable owner of the premises and went into possession thereof.

"At the close of the plaintiffs' case defendant's counsel moved for a nonsuit on the ground that the contract of insurance provided that the policy should be void unless the assured were the unconditional and sole owners of the property at the time any loss occurred. The plaintiffs insisted that that issue was not within the pleadings. After some discussion the defendant asked that if the court was of the opinion that the defense as to unconditional ownership was

not within the scope of the answer, it might be permitted to defend by specifically setting up that defense. Plaintiffs' counsel opposed this motion and questioned the power of the court to grant it, but at the same time admitted that he was not taken by surprise.

"It was finally agreed that a juror should be withdrawn and the case submitted to the court for decision without a jury on the evidence already taken and on briefs to be filed. In order that, in the present action, the real questions in controversy between the parties may be determined, I will allow the amendment. *Hanrahan* v. *Metropolitan Life Insurance Co.,* 72 *N. J. L.* 504; *Mick* v. *Royal Exchange Assurance,* 87 *Id.* 607.

"The defense is based upon the following clauses of the policy in suit:

" '(a) This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if the interest of the insured be other than unconditional and sole ownership.

" '(b) This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if any change, other than by the death of an assured, take place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard).'

"The defendant contends that the policy was voided by a violation of one or both of these provisions of the contract.

"The questions to be decided are:

"(a) Was the interest of the insured other than unconditional and sole ownership?

"(b) Was there any change in the interest, title or possession of the subject of insurance?

"The facts as I find them are that on April 26th, 1927, Eugene D. Black and the plaintiffs entered into a written agreement whereby Black agreed to convey to the plaintiffs and they agreed to buy, a lot and bungalow erected thereon, known as No. 322 Landis avenue, in the borough of Oaklyn, Camden county. The purchase price was $5,300, of which

$200 was paid down and the payment of the remainder provided for as follows: '$1,400 cash at the time of final settlement; $300 cash on May 10th, 1927; $3,400 to be allowed by seller for property 350 Hillside avenue, Camden, which said property is to be clear of all encumbrances at the time of final settlement, which shall be made at the office of Eugene D. Black, No. 22 Ormand avenue, Oaklyn, New Jersey, on or before July 2d, 1927.'

"The plaintiffs moved into Oaklyn property on May 28th, 1927. They left nothing in their Camden house but window shades and screens. Black obtained the keys of this house from the plaintiffs' attorney, for the purpose of showing the property to a possible purchaser and to see about making repairs and alterations, which he contemplated making after he got a deed. He never made any repairs or alterations. He had the privilege of placing a tenant on the premises. He advertised the property for sale, the advertisement running for three days. Owing to delay in obtaining title searches the settlement for the Oaklyn property under the agreement of April 26th, 1927, had not taken place at the time of the fire on September 15th. The proof of loss made by Frank C. Evans, one of the plaintiffs, stated: 'There has been no change in the title to the property since the issuance of said policy, nor in its use as a dwelling, nor in its location, but deponent and his wife and family moved out on May 28th, 1927, and it was the understanding with the said Black hereinbefore referred to, from whom deponent was purchasing 322 Landis avenue, Oaklyn, that the said Black had the privilege of placing a tenant in 350 Hillside avenue, Camden, pending settlement on 322 Landis avenue, Oaklyn.'

"The written agreement and the acts of the parties in pursuance thereof did not, in my opinion, avoid the policy under either of the provisions of the contract relied on by the defendant.

"The effect to be given those provisions is to be determined in the light of the law that conditions in insurance contracts which create forfeitures are to be construed most strongly

against the insurer. *Precipio* v. *Insurance Co. of Pennsylvania,* 103 *N. J. L.* 589; *Hampton* v. *Hartford Fire Insurance Co.,* 65 *Id.* 265.

"One of the cases cited by the defense, and regarded by counsel as conclusive in support of their contention, is *Levin* v. *State Assurance Co.,* 105 *N. J. L.* 422. There the Court of Errors and Appeals held that a written agreement to sell the insured property and putting the purchaser in possession as tenant until the taking of title was a violation of the clauses of the policy. identical with those involved in this suit. But the facts with which the court dealt in that case were so dissimilar to those *sub judice* that in my view the decision is not in point. Here the plaintiffs had not agreed to sell the insured property. Their agreement was to buy the Oaklyn property from Black. He agreed to 'allow' $3,400 of the purchase price for the plaintiffs' insured property. The contract did not oblige, in terms, the plaintiffs to convey the insured premises to Black, but gave them the right to convey in part payment of the purchase price of the property they had agreed to buy from Black. The latter bound himself to accept the insured house at a fixed valuation and thus gave the plaintiffs the option of turning over their property at that valuation or paying the amount thereof in cash. *Levine* v. *Lafayette Building Corp.,* 103 *N. J. Eq.* 121. A contract to sell and purchase real estate only arises where there is a mutual obligation on the one party to sell and on the other party to buy. *Sooy* v. *Henkelman,* 104 *N. J. L.* 540. Here the required mutuality of obligation was entirely lacking.

"*Levin* v. *State Assurance Co., supra,* cites *Grunauer* v. *West Chester Fire Insurance Co.,* 72 *N. J. L.* 289. In that case the question of the insurable interest of one who has contracted to convey property covered by a policy of insurance containing the provisions here in question, was decided by our Court of Errors and Appeals for the first time after the adoption in New Jersey of the new form of standard clause policy.

"The facts in that case were that the plaintiffs had, after the

issuance of the policy, executed a written agreement to convey the property in fee to their tenant, who was in possession, upon the payment of the stipulated price. It was held that such acts caused a change in interest, title and possession of the subject of insurance, sufficient to avoid the policy. The basis of the decision was that such contract and transfer of possession effected a complete transition of the equitable and beneficial ownership from the vendors to the vendees. Judge Vredenburgh, speaking for the court, said: 'After such contract the vendor's interest is no longer real estate, and the unpaid purchase-money is personalty and goes to the vendor's personal representatives in case of death. Thereafter the assured could have but a diminished incentive in the preservation of the property from injury and such result was the very object intended by the insurer to be guarded against by the inserted condition.' The opinion cites *Franklin Fire Insurance Co.* v. *Martin*, 40 *N. J. L.* 568, in which it was said that a person in possession under an agreement for a conveyance has a substantial and an insurable interest. If the property be destroyed, it will be his loss, in contemplation of law. If he has paid the purchase-money, the property is his property in fact and its destruction by fire would be his loss, as much as if the formal title was in him.

"In the instant case there was no agreement to convey the insured property. The only contract between the plaintiffs and Black was that Black would sell and the plaintiffs would purchase a property which Black owned, and that Black would take over the insured property in part satisfaction of the purchase price. The acts of one of the plaintiffs and of Black subsequent to the execution of the agreement, which the defendant contends evidence a transfer of possession of the insured property to Black, at the most can be construed into nothing more than a mere license by one of the tenants by the entirety which would not be binding upon the other tenant without explicit evidence of her assent thereto. She testified that she had never delivered possession of the property.

"Statements made under oath by one of the plaintiffs at an examination pursuant to the provisions of the policy, are also relied upon by the defendant to establish its claim that there was a change of possession. At the examination the following questions were asked and the plaintiff Frank C. Evans made the following answers:

" 'Q. At the time you moved out of the property on Hillside avenue, what was done with that property?

" 'A. Why it was turned over, given possession to Mr. Black.

" 'Q. So that Mr. Black had the property after May 28th to rent it or do with it whatever he wanted to do?

" 'A. That is as far as possession was concerned. Of course not a deed.

" 'Q. I mean, if he obtained a tenant for the property after May 28th there was no objection to his putting a tenant in possession?

" 'A. No, sir; that was his privilege.'

"At the trial Evans testified that at the prior examination he 'didn't really stop to think what the word possession meant;' that what he meant by the word 'possession' was that Black could take renters .and buyers to look at the property. To justify a holding that there was a change of possession in this case, especially when so to hold would avoid the policy, something more is required than a characterization or conclusion by a lay witness who could not be expected to use the word 'possession' with clear comprehension of what it imported in its legal signification.

"Cooley, in his Briefs on Insurance, volume 3, page 2653, says that the change of possession contemplated by a provision of the kind under consideration is something more than a change of occupancy. It is a change effected by legal process, judicial decree, voluntary transfer or conveyance, one which refers to the insured's possessory right and not to his occupancy of the premises.

"Whatever rights or interest, if any, Black had in the plaintiffs' property must be ascertained by reference to the written agreement between the parties. By that test it must

be manifest that the plaintiffs had not parted with their possessory right in the property.

"There is nothing in the contract between the plaintiffs and Black which changed their interest in the insured premises from an interest in realty, or which gave any right of possession to Black, or which gave any beneficial or equitable ownership to Black, or any insurable interest, or which by any reasonable construction of the contract, or the rights and obligations of the parties thereunder, would cause the loss from the destruction of the house by fire, to fall upon Black. That loss must fall solely upon the plaintiffs. Black agreed to take the insured property at a valuation of $3,400 on account of the purchase price of the house he agreed to sell to the plaintiffs. If the plaintiffs cannot deliver the insured property they are bound by their contract to pay the equivalent of its agreed upon valuation in some other way, and that valuation is $400 in excess of the insurance. Under these circumstances their agreement with Black can hardly be said to have diminished the interest of the plaintiffs in the preservation of the property. It would seem, therefore, that in this case there are present none of the elements or conditions found in those instances in which it has been held there was a change in the interest, title or possession of the insured, or that the interest of the insured was other than unconditional and sole ownership.

"The court finds in favor of the plaintiffs and against the defendant.

"The damages of the plaintiffs are assessed at $3,000 together with interest thereon from December 27th, 1927."

For the appellant, *French, Richards & Bradley.*

For the respondents, *Henry M. Evans* and *Joseph H. Carr.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by Judge Jess in the Circuit Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.

*For reversal*—None.